McKinney, J.,
delivered tbe opinion of tbe Court.
There was a demurrer to tbe bill, which, on argument, was disallowed, and tbe defendants appealed under sec. 8157 of tbe Code.
And the only question necessary to be determined is, whether, upon tbe facts charged in tbe bill, tbe complainants are entitled to a discovery from tbe defendants, in regard to tbe unexecuted writing exhibited with tbe *226 bill, alleged to contain tbe terms of the contract between the parties.
The substance of the bill, so far as is necessary to be noticed, is, that in October, 1856, the complainants determined to erect a building in Nashville, for a wholesale dry-goods house, and contracted with the defendants to do the carpenters’ and joiners’ work of said house; that' the terms and conditions of the contract were agreed upon, and reduced to writing; and that said writing, which is made an exhibit, contains the true and entire contract as agreed upon by the parties; and that all its terms were fully assented to by the defendants. That said writing was not signed by the parties at the time, for the reason that there were interlineations and blots upon its face. And it was mutually agreed between the parties, that the complainant, Elliston, should take the paper and make two copies of it to be executed by them, one for each of the contracting parties. But that complainant laid the paper away in a safe, and inadvertently omitted to copy it. The bill alleges, however, that notwithstanding this neglect, the work was undertaken and performed under said contract, and not otherwise. It is further stated, that the defendants have brought suit for said work; and in the bill made out by them, they claim some $1800.00 more, for flooring, than by the terms of the written contract they are entitled to demand. It is alleged that there was no witness to the contract, as agreed on and set forth in said writing.
The bill prays for a. discovery under oath, and also to have said written contract set up and- executed specifically; or, that the parties be required to execute it, so *227 that it may be used* on the trial' at law, and for general relief.
The bill does not, in onr opinion, make a case for anything more than a discovery, and to that extent we think it ought to have been entertained. All that can be necessary or important to the complainants, in their de-fence at law, is to establish that the writing contains the true and entire terms of the contract, as mutually understood and agreed upon by the parties, as charged in the bill. It is true, that under the statute, this discovery-might have been had in the Court of Law in which the-suit is pending. But this does not affect the jurisdiction! of a Court of Equity. And, for obvious reasons, .it may have been thought preferable to resort to the latter tribunal..
If the terms of the entire contract were reduced to-writing, as understood and assented to by the parties,, the paper itself is certainly the most satisfactory and!; reliable evidence, even if it were in the power of' the-complainants to adduce parol evidence of its contents.. This much may he said, without intending to be understood as intimating that it is a higher grade of evidence in the legal' sense of that term.
Regarded as a- matter of evidence merely, the- non-execution of the paper is of no consequence. The inquiry is, whether, a-3 a matter of fact, the paper contains the evidence of the true agreement. The execution of the paper would have furnished, at least, prima facie evidence of that fact; and its non-execution forces the complainants to resort to other evidence of its authenticity.. But still the inquiry is the same. If this view be correct, the paper, if admitted by the defendants, would be-as available for the complainants on the trial at law- *228 in the state in which it is, as if it were executed. And they are as much entitled to the discovery sought, as they would be to demand its production, if in the possession of defendants and wrongfully withheld by them.
The objection, that it is not distinctly alleged in the bill that the complainants cannot otherwise prove the terms of the agreement, we think is not tenable. As already intimated, we think the complainants are entitled to the discovery asked for, without reference to the inquiry, whether or not they have it in their power to prove the agreement by parol evidence. But, if this were not so, the averment “ that there was no witness to said contract at the time it was made and agreed upon,” ought, upon demurrer to the bill, to be taken as a sufficient answer to the objection.
We do not mean to disturb the decision in the case of Whitesides v. Lafferty, 9 Hum., 27, though it carries the doctrine quite as far as we feel inclined to go.
As regards the neglect of the complainants to have the contract prepared and executed, as agreed upon; whether it was purely the result of inadvertence as alleged, or of an intention on their part to abandon the contract, will be a matter open for the consideration of the jury.
Decree affirmed.